IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CITY OF GREENWOOD, MISSOURI, ) | |
| Plaintiff, ) | |
| v. ) | No. 07-157-CV-W-DW |
| MARTIN MARIETTA MATERIALS, INC., et al., ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff City of Greenwood's Motion to Remand. (Doc. 7). Plaintiff states that remand is required since this Court is without subject matter jurisdiction.

Plaintiff first filed its state court complaint on January 29, 2007. In that Complaint, Plaintiff asked for relief on its (1) declaratory judgment claim requesting that the Court declare that the Ordinance in question is valid and constitutional and (2) claim for damages resulting from Defendants' allegedly defective repairs. Plaintiff amended its Complaint on February 1, 2007. Rather than asking the Court to analyze the "constitutionality" of the ordinance, the complaint asked the Court to declare the ordinance "enforceable against Defendants..."

In their Notice of Removal, Defendants argue that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Defendants argue that Plaintiff's first request, that the Court find the Ordinance to be enforceable, necessarily involves resolving questions of federal law.

In addition to causes of action created by federal law, federal question jurisdiction includes "state-law claims that implicate significant federal issues." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (U.S. 2005). This case, however, does not fit under

the Grable analysis. Grable considered whether federal jurisdiction exists where a state-law claim necessarily requires an analysis of federal law. Here, Plaintiff's declaratory judgment claim analysis may invoke both federal and state law. Accordingly, the question becomes whether a declaratory judgment action by a state entity as to the enforceable nature of an Ordinance provides federal question jurisdiction.[1]

Where a declaratory judgment seeks, in essence, to assert a defense to an impending action, the Court must consider the character of the threatened action in determining federal question jurisdiction. Oglala Sioux Tribe v. C & W Enters., 2007 U.S. App. LEXIS 13637, 5-6 (8th Cir. 2007). Plaintiff seeks to defend against the claims that are raised in Defendants' ongoing federal lawsuit—that Plaintiff's Ordinance violates the Missouri and United States Constitutions. Such a claim ordinarily would be sufficient to confer federal question jurisdiction onto this Court. See Gaming World Int'l v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003) ("If a declaratory judgment action requires resolution of an issue of federal law or precludes the assertion of a federal right by a responding party, there is jurisdiction over it.").

In this case, however, a state entity brought a declaratory judgment claim as to whether its Ordinance is enforceable. The Eighth Circuit has held that "a declaratory judgment suit brought by a state to uphold the constitutionality of its action is not within the federal-question jurisdiction of the federal courts." Missouri ex rel. Missouri Highway & Transp. Comm'n v.

---

[1] Further, as the Supreme Court recognized in a later case, Grable involved an almost pure legal issue that "thereafter would govern numerous tax sales cases." Empire HealthChoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121, 2137 (U.S. 2006). Here, however, Plaintiffs' allegations are highly fact-bound. Id. The outcome of this case turns on a review of the specific Ordinance at hand. Further, by entertaining Plaintiffs' Complaint, this Court would also disturb the fair division of labor between the state and federal courts. See Grable, 545 U.S. at 314.

Cuffley, 112 F.3d 1332, 1336-1337 (8th Cir. 1997), *citing* International Soc'y for Krishna Consciousness v. City of Los Angeles, 611 F. Supp. 315 (C.D. Cal. 1984). For the reasons cited in that case, this Court does not have subject matter jurisdiction over this action.

Plaintiff's Motion to Remand is therefore GRANTED. This case is hereby REMANDED to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to close the file in this case.


Date:   June 26, 2007                                          /s/ Dean Whipple
                                                              Dean Whipple
                                                         United States District Judge